IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CIVIL CASE NO. 1:23-cv-00061-MR

| | |
|---|---|
| ZACHARY BUMGARDNER-LOCKAMY,[1] )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>M. LOGAN, et al., )<br>)<br>Defendants. )<br>_____ ) | **ORDER** |

**THIS MATTER** is before the Court on initial review of the pro se Complaint [Doc. 1]. The Plaintiff is proceeding in forma pauperis. [Doc. 8].

## I. BACKGROUND

The pro se incarcerated Plaintiff filed this action pursuant to 42 U.S.C. § 1983 addressing incidents that allegedly occurred at the Rutherford County Jail (RCJ) where he still resides. He names as Defendants M. Logan, a correctional sergeant at RCJ, and FNU Smith, a correctional corporal at RCJ.

---

[1] According to the North Carolina Department of Adult Corrections (NCDAC) website, the Plaintiff's name is Zachary Brandon Bumgardner. See https://webapps.doc.state.nc.us/opi/viewoffender.do?method=view&offenderID=1565545&searchLastName=bumgardner&searchFirstName=zachary&searchDOBRange=0&listurl=pagelistoffendersearchresults&listpage=1 (last accessed April 20, 2023); Fed. R. Evid. 201.

He asserts First Amendment claims "based on the right to read and denial of access to the courts." [Doc. 1 at 3]. He alleges as follows:

> I got released from Roanoke River Correctional on 02/17/23 & released to the custody of Rutherford County Jail, for a period of 120 days. I got to the jail at approximately 8:45 PM & there was no one in Booking except me & another guy. Sergeant M. Logan had 2 hours to go through my property which she had ample time to do so. She waited until 10:30 PM to book me & send me back to the jail & said 'I will get your property to you tonight.' Later on, about 2:00 AM on 02/18/23, Ofc. Logan brought me my radio and Holy Quiran & said 'Sgt. Logan said you can't have anything else.' I stated 'I need my legal mail for a pending proceeding in court because I have a deadline to make.' Ofc. Logan stated 'oh well.' On 02/22/23 I exhausted my grievance & they ignored me about legal papers & just gave me my law books.

[Doc. 1 at 5] (errors uncorrected).

For injuries, the Plaintiff states "[n]one." [Id.]. He seeks punitive damages for the "principal [sic]" of the alleged First Amendment violations. [Id.].

## II. STANDARD OF REVIEW

Because the Plaintiff is proceeding in forma pauperis, the Court must review the Complaint to determine whether it is subject to dismissal on the grounds that it is "frivolous or malicious [or] fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2). Furthermore, under § 1915A the Court must conduct an initial review and identify and dismiss the complaint, or any portion of the complaint, if it is frivolous, malicious, or fails

2

to state a claim upon which relief may be granted; or seeks monetary relief from a defendant who is immune to such relief. 28 U.S.C. § 1915A.

In its frivolity review, this Court must determine whether a complaint raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios. Neitzke v. Williams, 490 U.S. 319, 327-28 (1989). Furthermore, a pro se complaint must be construed liberally. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the liberal construction requirement will not permit a district court to ignore a clear failure to allege facts in his Complaint which set forth a claim that is cognizable under federal law. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990).

### III. DISCUSSION

To state a claim under § 1983, a plaintiff must allege that he was "deprived of a right secured by the Constitution or laws of the United States, and that the alleged deprivation was committed under color of state law." Am. Mfrs. Mut. Ins. Co. v. Sullivan, 526 U.S. 40, 49-50 (1999).

The Plaintiff fails to make any allegations whatsoever about Defendant Smith. The claims against Smith thus fail to satisfy the most basic pleading requirements. See Fed. R. Civ. P. 8(a)(2) (requiring a "short and plain statement of the claim showing that the pleader is entitled to relief"); Simpson

3

v. Welch, 900 F.2d 33, 35 (4th Cir. 1990) (conclusory allegations, unsupported by specific allegations of material fact are not sufficient); Dickson v. Microsoft Corp., 309 F.3d 193, 201-02 (4th Cir. 2002) (a pleader must allege facts, directly or indirectly, that support each element of the claim). Accordingly, the claims against Defendant Smith are dismissed.

The First Amendment states that "Congress shall make no law respecting an establishment of religion, or prohibiting the free exercise thereof; or abridging the freedom of speech…." U.S. Const. Amend I. The First Amendment applies to the states through the Fourteenth Amendment. See Everson v. Bd. of Educ., 330 U.S. 1, 15 (1947). "Imprisonment does not automatically deprive a prisoner of certain important constitutional protections, including those of the First Amendment." Beard v. Banks, 548 U.S. 521, 528-29 (2006) (citing Turner v. Safley, 482 U.S. 78, 93 (1987), O'Lone v. Estate of Shabazz, 482 U.S. 342, 348 (1987)). However, the Constitution sometimes permits greater restriction of such rights in a prison than it would allow elsewhere. See, e.g., Turner, 482 U.S. at 84-85. Courts owe "substantial deference to the professional judgment of prison administrators." Overton v. Bazzetta, 539 U.S. 126, 132 (2003). Prison regulations are permissible if they are "'reasonably related' to legitimate

penological interests" and are not an "'exaggerated response'" to such objectives.  Turner, 482 U.S. at 87.

Here, the Plaintiff's vague and conclusory claim that his "right to read" was violated fails to plausibly allege a violation of his First Amendment rights. See Fed. R. Civ. P. 8(a)(2); Simpson, 900 F.2d at 35; Dickson, 309 F.3d at 201-02.  Accordingly, this claim is dismissed.

The Supreme Court stated in Bounds v. Smith, 430 U.S. 817 (1977), that prisoners must have meaningful access to the courts. The "meaningful access" referred to in Bounds does not, however, entitle a plaintiff to total or unlimited access. See Moore v. Gray, No. 5:04-CT-918-FL, 2005 WL 3448047, at *1 (E.D.N.C. Jan. 26, 2005), aff'd, 133 Fed. App'x 913 (4th Cir. 2005) (unpublished) (citation omitted). The right of access to the courts only requires that prisoners have the capability of bringing challenges to sentences or conditions of confinement. See Lewis v. Casey, 518 U.S. 343, 356-57 (1996). Moreover, as a jurisdictional requirement flowing from the standing doctrine, the prisoner must allege an actual injury. See id. at 349. "Actual injury" is prejudice with respect to contemplated or existing litigation, such as the inability to meet a filing deadline or present a non-frivolous claim challenging their conviction or conditions of confinement. See id.  A plaintiff's "[f]ailure to show that a 'nonfrivolous legal claim has been frustrated' is fatal

5

to his Bounds claim." Alvarez v. Hill, 518 F.3d 1152, 1155 n.1 (9th Cir. 2008) (quoting Casey, 518 U.S. at 353).

Here, the Plaintiff claims that Defendant Logan confiscated some "legal papers" that he needed for a deadline in an unspecified court proceeding, and that he suffered no injury as a result. [Doc. 1 at 5]. The Plaintiff has failed to plausibly allege that Defendant Logan's actions caused actual injury in a nonfrivolous action challenging his sentence or conditions of confinement. Accordingly, this claim is also dismissed.

## IV. CONCLUSION

In sum, the Plaintiff has failed to state a claim against any Defendant pursuant to 28 U.S.C. § 1915(e)(2)(B)(i)-(ii), and the Complaint is dismissed without prejudice.

The Court will allow Plaintiff thirty (30) days to amend his Complaint, if he so chooses, to properly state a claim upon which relief can be granted, in accordance with the terms of this Order. Any amended complaint will be subject to all timeliness and procedural requirements and will supersede the Complaint. Piecemeal amendment will not be permitted. Should Plaintiff fail to timely amend his Complaint in accordance with this Order, the Court will dismiss this action without further notice.

# ORDER

**IT IS, THEREFORE, ORDERED** that:

1. The Complaint [Doc. 1] is **DISMISSED WITHOUT PREJUDICE** as frivolous and for failure to state a claim upon which relief can be granted.

2. The Plaintiff shall have **thirty (30) days** in which to amend his Complaint in accordance with the terms of this Order. If Plaintiff fails to so amend his Complaint, the matter will be dismissed without further notice.

The Clerk is respectfully instructed to mail the Plaintiff two[2] blank § 1983 complaint forms and a copy of this Order.

**IT IS SO ORDERED.**

Signed: April 24, 2023

Martin Reidinger
Chief United States District Judge

---

[2] The Plaintiff requests a blank § 1983 complaint form for "another lawsuit." [See Doc. 1-1].