IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CIVIL CASE NO. 1:23-cv-00061-MR

ZACHARY BUMGARDNER- )
LOCKAMY,[1] )
 )
        Plaintiff, )
 )
vs. )
 )
M. LOGAN, et al., )    **ORDER**
 )
        Defendants. )
_____ )

**THIS MATTER** is before the Court on initial review of the pro se Amended Complaint. [Doc. 10]. The Plaintiff is proceeding in forma pauperis. [Doc. 8].

**I.   BACKGROUND**

The pro se incarcerated Plaintiff filed this civil rights action pursuant to 42 U.S.C. § 1983 addressing incidents that allegedly occurred at the Rutherford County Jail ("RCJ"), where he is presently incarcerated. The Complaint was dismissed on initial review, and the Plaintiff was granted the

---

[1] According to the North Carolina Department of Adult Corrections' website, the Plaintiff's name is Zachary Brandon Bumgardner. See https://webapps.doc.state.nc.us/opi/viewoffender.do?method=view&offenderID=1565545&searchLastName=bumgardner&searchFirstName=zachary&searchDOBRange=0&listurl=pagelistoffendersearchresults&listpage=1 (last accessed Aug. 2, 2023); Fed. R. Evid. 201.

opportunity to amend. [Doc. 9]. The Amended Complaint is now before the Court for initial review. [Doc. 10].

The Plaintiff again names as Defendants M. Logan, a correctional sergeant, and FNU Smith, a correctional corporal. [Id. at 2]. He reasserts his claim for denial of access to the courts, and he also asserts a new First Amendment claim for "communication with attorney(s)."[2] [Id. at 3]. For injury, he claims that "[he] was impeded from getting [his] attorneys information & [his] legal papers by filing that 20 day deadline for a civil matter in District Court." [Id. at 5]. He seeks injunctive relief, and nominal and punitive damages. [Id.].

## II. STANDARD OF REVIEW

Because the Plaintiff is proceeding in forma pauperis, the Court must review the Amended Complaint to determine whether it is subject to dismissal on the grounds that it is "(i) frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B); see 28 U.S.C. § 1915A (requiring frivolity review for prisoners' civil actions seeking redress from governmental entities, officers, or employees).

---

[2] The Amended Complaint is also liberally construed as raising a claim that the Plaintiff's grievances were denied or ignored.

In its frivolity review, a court must determine whether a complaint raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios. Neitzke v. Williams, 490 U.S. 319, 327-28 (1989). Furthermore, a pro se complaint must be construed liberally. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the liberal construction requirement will not permit a district court to ignore a clear failure to allege facts in his complaint which set forth a claim that is cognizable under federal law. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990).

## III. DISCUSSION

The Plaintiff reasserts his claim that the Defendants deprived him of access to the courts. The Plaintiff claims that he had "a deadline on a packet" that he had to fill out for his lawyer for "a legal proceeding," and that he had "a legal paper that the State Bureau of Investigation sent [to him]" regarding his foster brother's "case about his release." [Doc. 10 at 13]. These allegations are too vague and conclusory to plausibly allege that the Plaintiff[3]

---

[3] To the extent that the Plaintiff is attempting to assert a claim on behalf of his foster brother, he is not qualified to do so. See generally Myers v. Loudoun Cnty. Pub. Schls., 418 F.3d 395, 400 (4th Cir. 2005) ("An individual unquestionably has the right to litigate his own claims in federal court.... The right to litigate for oneself, however, does not create a coordinate right to litigate for others"); Hummer v. Dalton, 657 F.2d 621, 625 (4th Cir. 1981) (prisoner's suit is "confined to redress for violations of his own personal rights and not one by him as knight-errant for all prisoners"); Oxendine v. Williams, 509 F.2d 1405,

suffered any actual injury. [See Doc. 9 at 5-6]. Accordingly, this claim is dismissed for the reasons discussed in the Order on initial review of the Complaint. [Id.].

The Plaintiff further claims that the Defendants violated the First Amendment when they failed to return to him a piece of "legal mail" following a search of his property. [Doc. 10 at 12-13]. The Plaintiff alleges that this legal mail contained his attorney's "information" and, without it, the Plaintiff was unable to "consult with an attorney or legal documents of an attorney…." [Id. at 12].

As a general matter, prisoners have the First Amendment right to both send and receive mail. See Thornburgh v. Abbott, 490 U.S. 401, 408 (1989); Pell v. Procunier, 417 U.S. 817 (1974). Restrictions on this right are valid if they are reasonably related to legitimate penological interests. Turner v. Safley, 482 U.S. 78, 89 (1987); see Haze v. Harrison, 961 F.3d 654, 658 (4th Cir. 2020) (noting that Turner applies to both convicted prisoners and pretrial detainees). For instance, a prisoner's First Amendment interest in corresponding does not preclude prison officials from examining mail to ensure that it does not contain contraband. Wolff v. McDonnell, 418 U.S.

---

1407 (4th Cir. 1975) ("[I]t is plain error to permit [an] imprisoned litigant who is unassisted by counsel to represent his fellow inmates in a class action.").

4

Case 1:23-cv-00061-MR   Document 11   Filed 08/22/23   Page 4 of 8

539, 576 (1974). "[L]egal mail is widely recognized to be privileged and confidential — even in the context of prisons — which suggests that an incarcerated person's expectation of privacy in his legal mail is one 'that society is prepared to consider reasonable.'" Haze v. Harrison, 961 F.3d 654, 660 (4th Cir. 2020) (quoting United States v. Catellanos, 716 F.3d 828, 832 (4th Cir. 2013)); see King v. Rubenstein, 825 F.3d 206, 215 (4th Cir. 2016) ("nothing in Hudson[4] indicates the Supreme court intended to abrogate a prisoner's expectation of privacy *beyond* his cell); Turner, 482 U.S. at 89 (prison restrictions impinging on an inmate's constitutional rights are valid if they are reasonably related to legitimate penological interests).

Here, the Plaintiff's claim that a piece of legal mail was not returned to him on a single occasion does not rise to the level of a constitutional violation. See Buie v. Jones, 717 F.2d 925, 926 (4th Cir. 1983) (stating that "a few isolated instances of plaintiff's mail being opened out of his presence" that were "either accidental or the result of unauthorized subordinate conduct ... were not of constitutional magnitude"); Davis v. Goord, 320 F.3d 346, 351 (2d Cir. 2003) ("an isolated incident of mail tampering is usually insufficient to establish a constitutional violation."). His conclusory claim that the legal

---

[4] Hudson v. Palmer, 468 U.S. 517 (1984) (holding that an inmate has no reasonable expectation of privacy, and thus no Fourth Amendment protection, in his prison cell).

mail had his attorney's "information" also fails to plausibly allege a First Amendment violation. [See Doc. 9 at 5-6 (discussing denial of access to the courts)]; United States v. Lentz, 419 F.Supp.2d 820, 835 (E.D. Va. 2005) ("prisoners are not entitled to any particular method of access to the courts or to their lawyers"); see, e.g., Saunders v. Dickerson, No. 1:07-cv-1094, 2008 WL 2543428, at *4 (E.D. Va. June 25, 2008) (dismissing plaintiff's claim regarding denial of telephone access where there was no suggestion that this restriction rendered the plaintiff unable to contact his family or attorney by alternate means, or that any denial of access resulted in unfair prejudice to the plaintiff), *aff'd*, 313 F. App'x 665 (4th Cir. 2009). Therefore, the claim against the Defendants for failing to return the Plaintiff's legal mail will be dismissed.

To the extent that the Plaintiff claims that the Defendants ignored or denied his grievances[5] [Doc. 10 at 13], this fails to state a claim because a policy violation does not rise to the level of a § 1983 claim absent a plausible

---

[5] It is unclear that this claim is directed at the Defendants. [See Doc. 10 at 13 (claiming that "they" ignored the Plaintiff's complaints about his legal papers "& just gave [him his] law books.")]. To the extent that this claim is directed to individuals other than the Defendants, it cannot proceed. Fed. R. Civ. P. 10(a) ("The title of the complaint must name all the parties[.]"); Myles v. United States, 416 F.3d 551 (7th Cir. 2005) ("[T]o make someone a party the plaintiff must specify him in the caption and arrange for service of process."); Perez v. Humphries, No. 3:18-cv-107-GCM, 2018 WL 4705560, at *1 (W.D.N.C. Oct. 1, 2018) ("A plaintiff's failure to name a defendant in the caption of a Complaint renders any action against the purported defendant a legal nullity.").

allegation of an underlying constitutional violation. See generally Jackson v. Sampson, 536 F. App'x 356, 357 (4th Cir. 2013) (unpublished) (holding that "prison officials' failure to follow internal prison policies are not actionable under § 1983 unless the alleged breach of policy rises to the level of constitutional violation").

The Court will dismiss this action with prejudice because the Plaintiff has already amended his Complaint once and he has failed to state a claim for relief. See Green v. Wells Fargo Bank, N.A., 790 F. App'x 535, 536 (4th Cir. 2020).

## IV. CONCLUSION

For the reasons stated herein, the Plaintiff's Amended Complaint is dismissed with prejudice.

## ORDER

**IT IS, THEREFORE, ORDERED** that the Plaintiff's Amended Complaint [Doc. 10] is **DISMISSED WITH PREJUDICE** pursuant to 28 U.S.C. § 1915(e)(2)(B)(i)-(ii).

The Clerk is respectfully instructed to close this case.

**IT IS SO ORDERED.** Signed: August 21, 2023

Martin Reidinger
Chief United States District Judge